UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO. 4:18-cv-00518-O |
| JAMES VANBLARICUM, RODNEY L. POPE, CHET INGLIS, MATTHEW LEAVERTON, WILLIAM HILL, ERIK RHODES, AND ROBERT GILLIAM, | § § § § § § | |
| Defendants. | § § | |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

COME NOW the Plaintiff Securities and Exchange Commission (the "Commission") and Defendant William Hill, and file this Joint Report Regarding Contents of Scheduling Order ("Joint Report"), and respectfully show the Court as follows:

### I.
### CONFERENCES WITH DEFENDANTS

The Commission initiated this enforcement action against seven defendants on June 26, 2018. *See* Doc. 1. To date, the Commission has fully settled with five of those defendants, and the Court has entered final judgments against them. *See* Docs. 18, 19, 20, 21, and 23. Thus, only two defendants remain in this case: (1) Matthew Leaverton, who is in prison and was formally served with the summons on September 11, 2018; and (2) William Hill, who is represented by counsel and who has partially settled—by consenting to the permanent injunctions requested by the Commission and deferring the issues of monetary remedies for this Court to determine upon future motion of the Commission.

A.     **Discussions between the Commission and Hill.**

Counsel for the Commission and counsel for Hill conferred on August 27, 2018. Because Hill has partially settled with the Commission, only one issue remains outstanding: the amount of monetary remedies to be entered against Hill. *See* Consent of William Hill [Doc. 15], at ¶ 3; Judgment as to William Hill [Doc. 22], at ¶ VI. Neither the Commission nor Hill intends to undertake discovery on this issue.[1]

B.     **Discussion between the Commission and Leaverton.**

Counsel for the Commission conferred directly with Leaverton, who is proceeding *pro se* in this matter, by telephone August 28, 2018. Leaverton effectively declines to participate in this case at this time. He stated that he is attempting to hire an attorney to challenge his criminal plea agreement in *USA v. Matthew Leaverton*, Case No. 4:16-cr-00298-Y-4,[2] based on a theory of ineffective assistance of counsel, and that he believes that the Commission's civil case against him is intertwined with his criminal challenge. *See generally* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, *Leaverton v. USA*, Case No. 4:18-cv-00515-Y (N.D. Tex. June 25, 2018) [Doc. 1]. Consequently, he believes that the Commission's civil case should be stayed pending his criminal appeal. He stated that, until he retains counsel, he is unwilling to negotiate with the Commission on any issue. In sum, the Commission received no input from Leaverton as to a proposed scheduling order.

## II.
## RESPONSES TO THE SCHEDULING ORDER TOPICS

As stated above, Leaverton has effectively declined to participate. Counsel for Hill

---

[1]   The Commission intends to submit its motion for monetary remedies and to enter a final judgment against Hill after it has obtained a determination of Leaverton's liability.

[2]   *See* Plea Agreement With Waiver of Appeal [Doc. 97], filed Sept. 20, 2017; Judgment [Doc. 200], filed April 6, 2018).

agrees with the following proposal, although she believes that the only deadline that affects Hill and the single outstanding issue between him and the Commission is the one related to the filing of a remedies motion.

    **1.**    **Brief Statement of Claims and Defendants:**

    **a.**    **The Commission's Claims:**[3] The Commission alleges that Leaverton was part of the sales force and investor relations team for Texas Energy Mutual, LLC ("TEM"), which offered and sold securities in two investment programs, the "Thunderhead" program and the "Mineral Interest Lease Program" ("MILP"). These programs purportedly invested in drilling oil and gas wells, as well as in leasing mineral interests and drilling-related equipment, with profits to be returned to investors. The Commission alleges that Leaverton misrepresented and omitted facts about these two programs to investors and prospective investors. He falsely represented to investors that the MILP program guaranteed a 10% annual return on the promissory notes it sold, and would repay the notes within three years. In addition, Leaverton omitted to disclose to investors several material facts related to both programs, including the facts that: (1) James VanBlaricum, a securities recidivist, actually controlled TEM and was masking his participation with an alias; (2) the salesmen were receiving substantial commissions to sell the securities; and (3) investor funds were being used to pay purported returns to earlier disgruntled investors to mollify them and prevent them from filing complaints with regulators.

    **b.**    **Leaverton's Defenses:** Because Leaverton apparently declines to discuss the Commission's case with counsel for the Commission, the Commission has no information to include here as to his defenses. As of the date of this filing, no attorney has contacted counsel for the Commission on behalf of Leaverton.

---

[3] As the Commission and Hill have entered into a partial settlement, the Commission has not included a statement of its claims against Hill.

      **c.**    **Hill's Defenses:** Hill partially settled with the Commission, neither admitting nor denying liability but agreeing to the entry of a judgment enjoining him from violating the federal securities laws and from selling securities in the future. The July 6, 2018 Judgment also ordered Hill to pay disgorgement, prejudgment interest, and a civil penalty. *See* Doc. 22, at § VI. The only outstanding issue between the Commission and Hill is the amount of those monetary remedies. The parties expect this matter to be resolved by the Court upon the filing of a motion by the Commission. The parties propose that the Commission will file its motion for remedies against Hill after the liability of Leaverton has been resolved.

      **2.**    **Proposed Time Limit to File Motions for Leave to Join Other Parties:** November 1, 2018.

      **3.**    **Proposed Time Limit to Amend Pleadings:**  December 4, 2018.

      **4.**    **Proposed Time Limits to File Various Motions:**  June 28, 2019. The Commission anticipates filing a motion for summary judgment against Leaverton by this date.

      **5.**    **Proposed time limit for initial designation of experts:**  January 31, 2019.

      **6.**    **Proposed time limit for responsive designation of experts:**  March 29, 2019.

      **7.**    **Proposed time limit for objections to experts:**  April 30, 2019.

      **8.**    **Proposed plan and schedule for discovery:**  The Commission and Hill do not anticipate conducting discovery in connection with the Commission's motion for monetary remedies. The Commission proposes a discovery cutoff as to Leaverton be set for May 30, 2019, and that discovery, if any is taken, be conducted in accordance with the Federal Rules of Civil Procedure.

      **9.**    **Suggested changes to be made on discovery limitations:**  No changes are proposed on the standard discovery limitations.

10. **Proposed means for discovery of discovery of ESI:**  No ESI discovery is anticipated.

11. **Proposals for handling and protecting privileged materials:** The Commission and Hill anticipate that some personal financial information, or Personally Identifiable Information ("PII"), might be included as exhibits to the Commission's motion for remedies and in Hill's response thereto.  At this time, however, they believe that routine redactions of PII or the submission of financial documents under seal will provide the necessary protections for these materials.

12. **Proposed Trial Date:**  September 30, 2019.

13. **Proposed Date for Further Settlement Negotiations:**  After conferring for this joint report, counsel for the Commission and counsel for Hill do not believe that further settlement negotiations would be productive.  Hill has already agreed to the entry of a judgment against him on all injunctive relief the Commission sought.  In addition, the parties have discussed potential resolution of the monetary remedies issue, have been unable to reach an agreement, and do not believe that further discussions will yield any agreement.

As for Leaverton, the Commission proposes March 28, 2019 as the deadline by which the Commission and Leaverton should hold further settlement negotiations.[4]

14. **Objections to Rule 26(a)(1) disclosures:**  The Commission and Hill object to providing the Rule 26(a)(1) disclosures.  The only issue remaining between them is the monetary remedies, and neither of them anticipates the need for discovery on that issue or the necessity of exchanging Rule 26(a)(1) disclosures.  With respect to Leaverton, the Commission objects to

---

[4] The Commission and Leaverton have previously discussed settlement.  In fact, at one point, Leaverton executed a signed, notarized Consent, similar to those signed by the other defendants who were also criminally charged, including Defendants VanBlaricum, Pope, Inglis, and Gilliam. Pursuant to that prior agreement, the parties would have fully resolved all of the Commission's claims against Leaverton.  However, the Commission was required to change some language in the proposed final judgment and in the consent and, despite the fact that the required changes inured to his benefit, Leaverton has been unwilling to execute an updated consent.

providing Rule 26(a)(1) disclosures to Leaverton at this time.  The Commission has concerns as to how the contact information, which would be PII, of the persons listed with knowledge of relevant facts can be safeguarded in prison.  The Commission proposes that the exchange of Rule 26(a)(1) disclosures with Leaverton be deferred for 45 days, to give Leaverton a chance to hire counsel, who presumably will be better positioned to safeguard PII.  If Leaverton is unable to hire counsel after that time, then the Commission will address how such contact information can be safeguarded at the prison through discussions with Leaverton's correctional counselor.

15.     **Trial before U.S. Magistrate:** The parties do not all consent to trial before a U.S. Magistrate.

16.     **Mediation or Arbitration:** The parties are not considering mediation or arbitration.  The Commission and Hill have discussed the possibility of settling their one outstanding issue of monetary remedies, but are unable to agree.  They do not believe mediation or arbitration will assist.  The Commission does not believe at this time that a mediation or arbitration will assist Leaverton in reaching a settlement agreement.  Further, counsel for the Commission believes that Leaverton's incarceration would make conducting a meaningful mediation or arbitration extremely difficult.

17.     **Other proposals to facilitate expeditious and orderly preparations for trial:** The parties do not have any other proposals to suggest.

18.     **Whether a conference with the Court is desired:** The parties do not believe a conference with the Court is necessary.

19.     **Other relevant matters regarding status and disposition:** The parties are not aware of any other relevant matters regarding status and disposition.

## III.

The Commission has not attempted to obtain Leaverton's signature to this Joint Report, given that he is a *pro se* prisoner and that he is now apparently unwilling to substantively discuss the Commission's case against him.

DATED:  September 12, 2018.	Respectfully submitted,

*/s/ Janie L. Frank*
Janie L. Frank
Texas Bar No. 07363050
SECURITIES AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102-6882
(817) 978-6478
(817) 978-4927 (fax)
FrankJ@sec.gov

*/s/ Rose L. Romero*
Rose Romero
Texas Bar No. 17224700
Law Offices of Romero/Kolzub
235 N.E. Loop 820, Suite 310
Hurst, Texas 76053
(817) 616-3067
Rose.romero@romerokozub.com

ATTORNEY FOR DEFENDANT
WILLIAM HILL

## **CERTIFICATE OF SERVICE**

  I certify that on September 12, 2018, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, Fort Worth Division, using the CM/ECF system. The electronic case filing system will send a "Notice of Electronic Filing" to all counsel of record who has consented in writing to accept service of this document by electronic means.

  I further certify that on this September 12, 2018, I served a true and correct copy of the foregoing document and the notice of electronic filing by either certified mail return receipt requested, electronic mail or by depositing a copy thereof in an authorized United Parcel Service depository at Fort Worth, Texas, with overnight express charges prepaid and addressed to the following parties and persons entitled to notice that are non-CM/ECF participants:

Matthew Leaverton, Pro Se
Register Number 56168-177
FCI Bastrop
Federal Correctional Institution
P.O. Box 1010
Bastrop, TX 78602
*Certified Mail, Return Receipt Requested*
*"LEGAL MAIL"*

              */s/ Janie L. Frank*
              Janie L. Frank