IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00518-O |
| MATTHEW LEAVERTON, | § § § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion for Intervention (ECF No. 27) filed by Defendant Matthew Leaverton, *pro se*, on September 27, 2018. United States District Judge Reed O'Connor referred the Motion and all related responses, replies, briefs in support, appendices, etc., to the undersigned by order dated October 2, 2018. (ECF No. 28).

Courts should liberally construe the pleadings of *pro se* parties, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 2013). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberally construed, Defendant Leaverton's Motion requests a stay of this case until disposition of his Motion to Vacate under 28 U.S.C. § 2255 in Cause No. 4:18-cv-00515-Y, styled *Matthew Leaverton v. United States of America*.

On this date, the Honorable Terry R. Means, Senior United States District Judge, entered an Order Granting Motion to Dismiss (ECF No. 10) and a Final Judgment (ECF No. 11) dismissing without prejudice Defendant Leaverton's motion to vacate sentence under 28 U.S.C. § 2255 in

Cause No. 4:18-cv-00515-Y. As a result, Defendant Leaverton's Motion for Intervention in this case (ECF No. 27) is moot and should be denied.

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY AS MOOT** Defendant Matthew Leaverton's Motion for Intervention (ECF No. 27).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **November 29**, **2018**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE